Arthur P. LEGER and Catherine R. Leger, Plaintiffs,

v.

WILLIAMS NATURAL GAS CO., Defendant.

Civ. A. No. 92–1547–FGT.

United States District Court, D. Kansas.

Sept. 7, 1995.

Richard V. Foote, Wichita, KS, for plaintiffs.

Teresa J. James, Adams, Jones, Robinson & Malone, Wichita, KS, Paul A. Karns, Williams Natural Gas Company, Tulsa, OK, for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This is an action brought by the owners of a tract of land located in Sedgwick County, Kansas against Williams Natural Gas Company. Plaintiffs assert defendant laid pipeline on their property in violation of defendant's easement, thereby trespassing upon and taking plaintiffs' property. The matter is before the court on defendant's motion for partial summary judgment.[1]

The motion for summary judgment is based on defendant's assertion that it was within its rights under its easement to lay the pipeline. The parties agree that the issue turns on a question of law and is ripe for decision. The parties also agree to all the facts relevant to the determination of this issue.

The plaintiffs are the record owners of a piece of real property located at the southeast corner of 47th Street South and Rock Road in Sedgwick County, Kansas. The plaintiffs acquired the property by Quit Claim Deed on March 21, 1988. On December 12, 1872, the plaintiffs' predecessor in interest granted to Sedgwick County ("the County") a thirty (30) foot easement for the purpose of building a road along the north edge of the property. On June 1, 1950, the County was granted an additional ten (10) foot right of way. The agreement provided for resetting fence on the "new 40 foot property line." The plaintiffs' predecessor retained the fee interest in the northern forty feet of the property.[2]

On September 17, 1943, defendant's predecessor in interest, Cities Service Gas Company, was granted an easement on what is now the Leger property. The agreement creating the easement provided for: "Pipe line to be laid on the North line of the property and strip used in laying pipe shall be approximately 40 feet in width."

The original pipeline was laid approximately forty feet from the north section line. In October 1992, defendant installed a replacement pipeline whose southernmost point lies 77.3 feet from the north section line, or 37.3 feet from the south line of the County's road right of way. Plaintiffs objected to the placement of the pipeline as outside the scope of the defendant's easement. The defendant did not remove the original pipeline.

The court is familiar with the standards governing the consideration of a motion for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). As stated above, the parties agree on all the facts relevant to deciding this motion.

The court must determine what is meant by "the North line of the property" in the agreement creating defendant's easement. Defendant contends that plaintiffs' northern property line means the southern boundary of the County's road easement. Plaintiffs assert that their northern property line is the northern boundary of their fee, which is at the center of 47th Street South.

In *Heyen v. Hartnett*, 235 Kan. 117, 679 P.2d 1152 (1984), the Kansas Supreme Court discussed the basic principles to be followed in construing documents that convey an interest in real estate.

---

1. The defendant does not seek summary judgment on plaintiffs' surface damage claim.

2. There is language in the plaintiffs' deed which suggests that plaintiffs may not own the fee interest in the forty feet south of the section line. For purposes of ruling on the defendant's motion, however, the court assumes that plaintiffs do hold the fee in that land.

(1) The fundamental rule in construing the effect of written instruments is that the intent and purpose of the parties be determined from an examination of the entire instrument or from its four corners. Thus the language used anywhere in the instrument should be taken into consideration and construed in harmony with other provisions....

(2) Where a deed is ambiguous, all of the surrounding facts and circumstances attendant upon its execution may be considered in order to ascertain and carry out the intention of the parties.

(3) Where there is an ambiguity in a deed making two constructions possible, one which will be favorable to the grantee and one more favorable to the grantor, and there is no outside aid to construction, that method of construction most favorable to the grantee will be selected....

(4) The ancient rule to the effect that the habendum clause of a deed controls the granting clause has lost much of its former force. Today courts construe a deed by considering all of its language contained anywhere in the instrument with a view to ascertaining the intent of the grantor.

(5) Subsequent conduct of parties to a contract or written instrument may aid interpretation of controversial provisions. If parties to a contract, subsequent to its execution, have shown by their conduct that they have placed a common interpretation on their contract, this interpretation will be given great weight in determining the meaning to be attributed to the provisions in question.

The court concludes that the term "North line of the property" is ambiguous in the context of this easement agreement. The term is not defined in the agreement, and the other terms of the agreement do not aid in its interpretation. The court also notes that there are other cases, which defendant has cited, in which the term "property line" is used to describe the outer edge of a road easement. *Grantham v. City of Topeka,* 196 Kan. 393, Syl. ¶ 5, 411 P.2d 634 (1966). *See also Linneman · Constr., Inc. v. Montana–Dakota Util. Co., Inc.,* 504 F.2d 1365, 1369 (8th Cir.1974) (applying North Dakota law).

Although those cases do not deal with the precise issue at hand, they do demonstrate that the term property line can mean something other than the outer edge of the fee.

Because the relevant provision of the agreement is ambiguous, the court will consider all the facts and circumstances surrounding the agreement. Most importantly, the court considers the impact of the County's road easement. The court notes, first of all, that the defendant's easement agreement was not made subject to the County's prior right of way. Second, under the plaintiffs' interpretation of the agreement, the pipe line would have to be laid under or very near the road. This situation would be both unwieldy and unnecessarily dangerous.

The parties' subsequent conduct also supports defendant's position on the interpretation of the agreement. In particular, the court notes the agreement extending the County's road easement. That agreement did not make extension of the right of way subject to the defendant's easement. Furthermore, the extension agreement called for resetting fence "on the new 40 foot property line."

In defendant's counterclaim, defendant seeks condemnation of sixty-six feet of plaintiffs' property if it is determined that the placement of the 1992 pipe line violates the terms of the right of way agreement. Plaintiff argues that because the defendant counterclaims for a sixty-six foot easement, this constitutes an admission that it has violated its forty-foot easement regardless of where the easement is located. The court rejects this argument. The defendant has not contended that it needs a sixty-six foot easement if, as the court has determined, its easement begins forty feet from the north section line.

Finally, the court notes that even if the surrounding circumstances provided no aid in interpreting this agreement, the court would construe the agreement in favor of the defendant, as successor in interest of the grantee. *Heyen,* 235 Kan. at 122, 679 P.2d 1152.

For the foregoing reasons the court concludes that the defendant's easement extends from a line forty feet from the north section line to a line eighty feet from the north

section line. The defendant's 1992 pipe line falls within that area.

■ Although the court concludes that the defendant has placed its pipe line within the area of the easement, other issues remain which preclude granting partial summary judgment. Plaintiffs argue that the defendant has nevertheless violated its easement by placing a second pipe within the area of the easement because (1) the agreement does not permit two pipes within the right of way, and the defendant has failed to remove its original pipe line as the agreement requires, and (2) the second pipe was placed more than thirty-five feet south of what the court has determined to be the north property line. These arguments were made in a summary fashion, and the court does not have the necessary information to rule on these issues as a matter of law. Accordingly, defendant's motion for partial summary judgment must be denied.

Finally, defendant has moved to exclude the testimony of plaintiffs' expert witness, Lee Jones, in the event that the court determined no taking had occurred in this case. Because the court has denied the defendant's motion for partial summary judgment, the testimony of Mr. Jones may be relevant to the issues remaining in the case. Accordingly, the court denies the motion. However, if this case goes to trial, the defendant may reassert its arguments regarding Mr. Jones' testimony at that time, and the court will admit the testimony only to the extent that it is relevant to issues remaining for trial.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendant's motion for partial summary judgment (Doc. 50) is hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to exclude expert testimony (Doc. 52) is hereby denied.